IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD COUNTY DIVISION
CASE NO.: _____

JANET BYRD,

     Plaintiff,

vs.

CRUISE OPERATOR, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, JANET BYRD, files this Complaint and Demand for Jury Trial against Defendant, CRUISE OPERATOR, INC., and alleges as follows:

### *INTRODUCTION/PARTIES*

     1.    This is a lawsuit pertaining to personal injuries and damages that Plaintiff suffered and will continue to suffer as the result of an incident wherein Defendant's ladder in Plaintiff's cabin came loose without warning and crashed with Plaintiff on it to the floor resulting in her significant and permanent personal injuries and damages.

     2.    Plaintiff is a citizen and resident of the State of Georgia and is a natural person over the age of 21, who was a fare paying passenger on board the Defendant's ship, *Grand Celebration*, for a cruise with sailing dates of August 22 – 24, 2015 and otherwise is *sui juris*.

     3.    Defendant, Cruise Operator, Inc. is a Foreign Profit Corporation with its principal address located at 1 East 11th Street, Suite 200, Riviera Beach, FL 33404, which maintains its registered agent as Greenspoon Marder, P.A., 200 E. Broward Blvd., Suite 1800, Fort Lauderdale, FL 33301, and is duly registered and authorized to transact business in Florida.

### *JURISDICTION AND VENUE*

     4.    Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, and there is complete diversity of citizenship between the parties.

     5.    This Court has original jurisdiction over this matter as set forth in 28 U.S.C. §1333 because this lawsuit arises out of a maritime and admiralty claim and is controlled by the general maritime law of the United States.

6.      This Court has personal jurisdiction over Defendant pursuant to §48.193, Florida Statutes, because it has, at all times relevant to this cause of action, through its agents, officers, distributors, and/or representatives:

>    Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;
>
>    Used, possessed, or held a mortgage or other lien on real property within Florida; and/or
>
>    Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling cruises in Florida, operating cruises in and from Florida, advertising products in Florida, and entering into contracts in Florida.

7.      Additionally, venue is proper because, pursuant its own passenger ticket, Defendant voluntarily submits itself to the jurisdiction and venue of this Court.

8.      All conditions precedent to this action have occurred, been performed, or have been waived.

### *FACTUAL ALLEGATIONS*

9.      On or about August 23, 2015, Plaintiff was a passenger on board Defendant's ship, *Grand Celebration*, which was owned and operated by Defendant.

10.     Defendant was also the employer of the persons responsible for inspection, maintenance, and upkeep of the cabin Plaintiff was staying in, including specifically the stewards and cleaning personnel.

11.     On the morning of August 23, 2015, Plaintiff attempted to get out of her upper bunk bed, which had been set up by Defendant's employee(s) sometime before Plaintiff went to bed.

12.     As Plaintiff attempted to get out of her bunk and stepped onto the bunk bed ladder, which was also set up by Defendant's employee(s), the ladder came loose with Plaintiff on it and crashed down throwing Plaintiff to the floor and causing her to hit the floor and furniture in the cabin.

13.     As a result of the ladder coming loose and the significant force with which Plaintiff fell and hit the floor and furniture, Plaintiff was seriously and permanently injured.

14.     After the incident, Plaintiff heard the steward state that he hadn't placed the hook or pin or other attachment used to secure the ladder in place, which in turn caused the ladder to fall and ultimately caused Plaintiff's injuries.

15.     Before the incident, Plaintiff had no warning about any dangerous condition(s) in

her cabin and furthermore such condition(s) was/were not either open or obvious to Plaintiff.

16.    Defendant is the operator and owner of the *Grand Celebration*.

17.    Defendant employs the employees responsible for putting up and attaching Plaintiff's cabin bunk bed and ladder, including the steward.

18.    The *Grand Celebration* (hereinafter also referred to as the "subject vessel") is the only ship operated by Defendant.

19.    The *Grand Celebration* on a website owned and operated by Defendant, which is found at www.bahamasparadisecruises.com is described as the "finest ship to ever sail out of the Port of Palm Beach and the perfect Bahamas cruise getaway."

20.    Defendant maintains a Hotel Operations Department on the subject vessel.

21.    Defendant's Hotel Operations Department is responsible for, among other things, guest cabins and their inspection, operation, and maintenance.

22.    Defendant's Hotel Operations Department is responsible for the day to day operations of guest cabins.

23.    Defendant has regular meetings to address the overall operation of the ship, service on the ship, guest cabins, and how to improve day to day operations, among other things.

24.    The *Grand Celebration* maintains a Safety Management Systems manual that includes operating procedures for hotel operations, maintenance, cleaning, and service standards.

25.    Defendant's Vice President of Hotel Operations has a shore-side office.

26.    Defendant's Vice President of Hotel Operations receives accident reports prepared by the vessel's employees or personnel.

27.    The Defendant also maintains a Purser's Logbook, which logs incidents and passenger complaints.

28.    All incidents involving passenger injuries are reported onboard the subject vessel to the safety officer, the Staff Captain, and the ship's physician.

29.    Defendant employs a crewmember in charge of housekeeping of the entire ship known as the Chief Housekeeper.

30.    Defendant employs an Assistant Housekeeper who is responsible for the inspection and maintenance of passenger cabins.

31.    Defendant employs stewards who are responsible for the inspection and

maintenance of passenger cabins.

32.     The Chief Housekeeper, Assistant Housekeeper, and steward(s) assigned to Plaintiff's cabin were responsible during Plaintiff's cruise, either directly or indirectly, for the inspection of Plaintiff's cabin including but not limited to the ladder involved in this incident.

33.     The Chief Housekeeper, Assistant Housekeeper, and steward(s) assigned to Plaintiff's cabin were responsible during Plaintiff's cruise, either directly or indirectly, for the maintenance of Plaintiff's cabin including but not limited to the ladder involved in this incident.

34.     The Chief Housekeeper, Assistant Housekeeper, and steward(s) assigned to Plaintiff's cabin were responsible during Plaintiff's cruise, either directly or indirectly, for setting up the beds in Plaintiff's room, including but not limited to attaching the ladder for Plaintiff's bed.

35.     Defendant knows that the beds and ladders for upper bunks on the subject vessel need restoration and/or replacement due to wear and tear.

## *COUNT I – NEGLIGENCE*

36.     Plaintiff incorporates paragraphs 1 through 35 as though fully referenced herein.

37.     Defendant had a duty to use reasonable care under the circumstances to inspect and maintain Plaintiff's cabin.

38.     Defendant had a duty to use reasonable care under the circumstances to set up Plaintiff's bed, including attaching and securing the ladder in such manner that it would not become disconnected, including but not limited to using the hook, pin, or other attachment for the ladder.

39.     Defendant had a duty to warn Plaintiff of any and all dangerous condition(s) involving the bed and/or ladder in her cabin.

40.     Defendant was negligent and breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

   a. Failing to exercise reasonable care for the safety of its passengers by creating a dangerous condition in Plaintiff's room by providing a ladder for Plaintiff's bed that was not properly attached and/or secured.
   b. Failing to properly maintain Plaintiff's bed and ladder, including making replacement of any parts that were in need of such replacement.
   c. Failing to regularly and sufficiently inspect Plaintiff's bed and ladder to determine if they were safe for their intended use by passengers, including the Plaintiff, and/or were free of wear and tear, including loosening of hardware and component parts.
   d. Failing to provide a reasonably safe and working bed and ladder for the Plaintiff.
   e. Failing to warn passengers, including Plaintiff, of an unattached, insecure, and unstable ladder, the existence of which Defendant knew or should have known under

the circumstances.

f.  Failing to establish and enforce a method of operation in its cabins which failed to sufficiently and properly inspect, maintain, set up and/or attach and/or properly secure beds and ladders for beds, and/or take those beds and ladders out of service which were or should have been discovered to be in a defective or hazardous condition.

g.  Allowing a dangerous condition(s) to exist notwithstanding prior similar injury incidents on the subject vessel.

h.  Failing to train crew members in the assessment, inspection, and discovery of defects, or wear, tear, and malfunctions of the beds and/or ladders in passenger cabins.

i.  Failing to comply with its own internal policies and procedures.

41.    Based on its knowledge of substantially similar incidents resulting in serious and significant injuries to passengers, and despite this abundant knowledge by employees including higher level and management level employees, Defendant failed to take any action or reasonable action to investigate the cause of these injury incidents and willfully and in gross disregard of the safety of its passengers, including the Plaintiff, took no action to remedy this dangerous condition(s), giving rise to a claim for punitive damages against Defendant.

42.    Defendant is vicariously responsible for the acts and omissions of its employees, including those responsible for the incident set forth herein.

43.    As a direct and proximate cause of Defendant's negligence, including but not limited to the allegations set forth above, Plaintiff was injured in and about her body and extremities, required medical treatments and incurred expenses for same, and suffered resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, medical expenses, out of pocket expenses, and/or the aggravation of a previously existing condition, lost income in the past, and loss of net accumulations. The losses are either permanent or continuing in nature and the Plaintiff will suffer these and potentially other losses in the future and for the rest of her life.

WHEREFORE, Plaintiff, JANET BYRD, prays that this Honorable Court enter judgment against Defendant for damages as set forth above, in an amount exceeding Seventy-Five Thousand Dollars ($75,000,000) for compensatory damages, for a separate award of punitive damages, plus costs, interest including pre and post judgment interest, and whatever additional or alternative relief this Court may deem appropriate. Plaintiff demands a jury trial on all issues so triable as a matter of right.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff requests a jury trial for any and all Counts for which a trial by jury is permitted by law.

Respectfully submitted on this 9th day of June, 2016.

LAW OFFICES OF SEAN M. CLEARY, P.A.
19 West Flagler St., Suite 618
Miami, Florida 33130
Telephone:    (305) 416-9805
Facsimile:     (305) 416-9807
Email: sean@clearypa.com

By: _____*/smc/ Sean M. Cleary*_____
           SEAN M. CLEARY
           Florida Bar #0146341